liDECUIR, Judge.
This is an appeal in a wrongful death action arising out of a vehicle/train collision which occurred on April 21, 1992. Plaintiffs claims were rejected in total by the trial judge and jury with regard to all defendants. We affirm.
FACTS
On the morning of the accident, the deceased, Howell “Sonny” Huff, Jr., an insulin-dependent diabetic, arose at his regular time and left in his 1988 Ford pickup to go to his job as principal of Oakdale Jr. High. He proceeded westward down La. 112 approaching the railroad crossing where the accident occurred.
The railroad crosses La. 112 running parallel to U.S. Hwy. 165, which is located approximately 100 feet from the railroad crossing. There are warning lights located at the railroad crossing which warn motorists of an oncoming train. In addition, there is a flashing light at the intersection of La. 112 and U.S. Hwy 165, which presents |2a red flashing light at all times to westbound motorists on La. 112. According to witnesses, these warning devices were operating at the time of the accident.
In any event, Mr. Huff proceeded through the railroad crossing and was struck by an oncoming train. Impact occurred at the approximate center of Mr. Huffs truck. The train was owned and operated by defendant, Union Pacific Railroad Company.
Mr. Huffs family filed this wrongful death action naming Union Pacific, its engineer, J.D. Allen, and the State of Louisiana Through the Department of Transportation and Development as defendants. A bifurcated trial was held with the claims against the state tried before the district judge and the claims against the other defendants tried before a jury. Following a trial on the merits, the trial court and the jury returned a verdict in favor of defendants and against plaintiff rejecting her demands at her costs.
Plaintiff, Glenda Huff, lodged this appeal seeking to have the decisions of the trial judge and jury reversed.
Plaintiff has alleged five errors which amount to an allegation that the trial judge and jury committed manifest error in rejecting her claims against all defendants. In addition, plaintiff alleges that the trial judge prejudiced her case by requiring her attorney to apologize before the jury. We disagree for the reasons that follow.
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong’. Rosell v. ESCO, 549 So.2d 840 (La.1989). When there is a conflict in the testimony, “reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Rosell, 549 So.2d at 844, citing Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The court of appeal may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985).
Furthermore, causation is. a fact-specific inquiry. Great deference is accorded to the trier of fact on the question of factual causation. Lirette v. State Farm Ins. Co., 563 So.2d 850 (La.1990). Likewise, where the testimony of expert witnesses differ, it is the responsibility of the trier of fact to determine which evidence is most credible. Theriot v. Lasseigne, 93-2661 (La. 7/5/94), 640 So.2d 1305.
THE TRAIN HORN
Plaintiff first' alleges that the jury committed manifest error in failing to find *447 the defendants liable for the crew’s failure to blow the train’s horn in a proper and timely manner. We have reviewed the record carefully and find that the testimony regarding whether the train’s horn was blown is conflicting. In such cases, the finding of the jury cannot be manifestly erroneous. Rosell, 549 So.2d 840. Accordingly, this assignment has no merit.
INATTENTION OF TRAIN CREW
Plaintiff next alleges that the jury erred by failing to find defendants liable due to the inattention of the train’s crew and its failure to take adequate measures to avoid the accident. The basic principle of law is that the train crew can assume that vehicles will stop for them as required by law, unless and until the train crew is put on notice that the vehicle is not or will not stop. At that time, the train crew must do what it can, given the circumstances of the train and its cargo, to safely slow or stop the train. See Thomas v. Missouri Pacific Railroad Co., 451 So.2d 1152 (La.App. 3 Cir.1984). According to the experts, at the speed Huff was traveling he could have stopped within 50 to 100 feet. The experts also indicated that Huff was covering about 50 feet per second. Therefore, it would not be unreasonable for the jury to find that until two seconds before Huff crossed the tracks, the train crew could have reasonably believed he was able to stop.
The train crew is in agreement that the engineer did not apply the emergency brakes until right before impact and that the brakes take a couple of seconds to activate. Apparently, in the two seconds available, the train attempted to stop and Mr. Huff did not. Even considering the less than exemplary employment record of some of the train crew, we cannot say the jury committed manifest error in finding that the defendants were not liable.
UNREASONABLY DANGEROUS CROSSING
Plaintiff alleges that both the jury and trial judge erred in failing to find that the railroad crossing was unreasonably dangerous. Plaintiff argues primarily that the temporary alignment of the railroad crossing lights and the flashing lights at the intersection of La. 112 and U.S. Hwy 165 render the railroad crossing unreasonably dangerous thus creating liability on the part of the state and Union Pacific. In addition, plaintiff argues that a highway sign provides an obstruction. The record is clear that the alignment of the lights is cleared at approximately 160 feet from the intersection and that the obstruction from the sign is only at a distance of approximately 360 feet. Furthermore, the sign only obstructs the lights on one side of the road while the other side remains visible. Given this evidence, the somewhat conflicting opinions of the experts, and the deceased’s familiarity with the area, we cannot say that the findings of the trial judge are manifestly erroneous.
IfiPREJUDICE CAUSED BY ATTORNEY APOLOGY
Plaintiff alleges by this assignment that her case was prejudiced because her attorney was required to apologize for failing to obey a direct order of the court regarding questioning of a particular witness. Plaintiff has not briefed this assignment and it is, therefore, considered abandoned.
CONCLUSION
For the foregoing reasons, the judgments of the trial court and jury are affirmed. Plaintiff-appellant is cast with all costs of this appeal.
AFFIRMED.